# Highway Patrol Disciplinary System

**Directive H.04**

Applicable to: Employees

Revised 9/17/2021
Effective 1/1/2015

## I. POLICY

This policy sets standards to govern the disciplinary system of employees of the Highway Patrol.

## II. DISCIPLINARY AUTHORITY

The disciplinary actions described in this section are authorized for violations of the Patrol Code of Conduct by employees of the Highway Patrol.

Disciplinary actions to be imposed against employees shall be determined by the type of violation of the Code of Conduct. Violations may be designated as Personal Conduct, Grossly Inefficient Job Performance, or Job Performance. Disciplinary actions for the respective types of violations and the supervising authority eligible to recommend or impose the appropriate disciplinary actions shall be as set forth in this directive.

## III. NON-DISCIPLINARY ACTIONS

Work deficiencies can sometimes be corrected through counseling and/or training. These corrective actions are not to be considered disciplinary in nature. Nonetheless, investigations of job performance and conduct deficiencies sometimes indicate a need for training and/or counseling. In such cases, training and/or counseling, although not a form of disciplinary action may be imposed in conjunction with or in lieu of disciplinary action.

**Documented Counseling Session (DCS) is held to:**

- Discuss ways to improve the member/employee's performance and/or values-based behavior,

- Seek input from the member/employee about whether the performance issue can be corrected through a process change or to determine if member/employee needs to receive additional training on the current procedure/processes,

- Outline the steps to be taken to improve performance, including the specific timeframe for improvement,

- Identify the consequences, including progressive disciplinary action, of failure to improve, and

- Establish a follow-up date(s).

- For some values-based behaviors and performance concerns, immediate improvement may be necessary (e.g. safety concerns, etc.)

A DCS is recorded using the Form, HR-562. Navigate to the following link for the Documented Counseling Session (HR-562) form:

- [https://weare.ncdps.gov/emp/HR/HR562%20DCS_Revised%20by%20PHH%2020190403_LC%20Rights.pdf](https://weare.ncdps.gov/emp/HR/HR562%20DCS_Revised%20by%20PHH%2020190403_LC%20Rights.pdf).

Once a DCS is completed, it shall be attached to a NCVIP entry in the Performance Management system.

Although the issuance of a HR-562 form is not considered a disciplinary action, it is considered by DPS Human Resources Department, and the Office of State Human Resources, to be a final action. As a result of these new guidelines, the NCSHP is required to revise the protocols under which the HR-562 is used. Therefore, the following procedures are in effect immediately:

- For any incident that **will** be referred to one of the NCSHP Boards (PVCIC, Post Chase, Use of Force) or **may** be referred to the Internal Affairs Unit, the NCVIP and HR-562 may be completed by Supervisory Members but **shall not be served**. The **unserved** NCVIP and HR-562s shall be sent to the relevant Board (or to the Unit Commander of Internal Affairs) via Blue Team. It will be determined by the Internal Affairs personnel on the pertinent Board or the Internal Affairs Unit when the documents can be served. These forms shall not be served until authorization is received from the applicable Board or the Internal Affairs Unit.

- For any incident that WILL NOT be referred to one of the NCSHP Boards or the Internal Affairs Unit for further investigation, the NCVIP and HR-562 may be completed and served by supervisory members.

Ordinarily, a DCS shall be conducted prior to beginning disciplinary actions for performance issues. **The DCS will remain active on a member's record for 18 months, even if performance or conduct issues have been resolved.** Any disciplinary action issued for unsatisfactory job performance without a prior DCS must first be approved by the agency Human Resources Director or his/her designee.

IV. **TYPES OF DISCIPLINARY ACTIONS**

When an internal investigation is found to be sustained, there are four specific types of disciplinary actions authorized by state law and this directive. These disciplinary actions are as follows:

**Authorized Disciplinary Actions for Personnel subject to the Fair Labor Standards Act (FLSA) Provisions (Certain Civilian Employees or Members ranked Sergeant or below):**

- Written warning

- Disciplinary suspension without pay for not less than one work day, and not more than two work weeks

- Demotion. Disciplinary demotions may be accomplished in three ways:

    - The employee may be demoted to a lower pay grade with a reduction in salary as long as the new salary rate does not exceed the maximum of the salary schedule for the new lower pay grade.

    - The employee may be demoted to a lower pay grade without a reduction in salary as long as the new salary rate does not exceed the maximum of the new lower pay grade.

    - The employee may be demoted with a reduction in salary rate while retaining the same pay grade. In no event shall an employee's salary rate be reduced to less than the minimum salary rate for the applicable pay grade or the special entry rate, if in effect.

- Dismissal

**Authorized Disciplinary Actions for Personnel Exempt from Certain Provisions of the Fair Labor Standards Act (FLSA) (Certain Civilian Employees and Members ranked First Sergeant or higher):**

- Written Warning

- Disciplinary suspension for not less than one week and not more than two weeks

- Demotion as defined above

- Dismissal

## V. SIGNIFICANCE OF TYPE OF VIOLATION

**Personal Conduct** discipline is intended to be imposed for those actions for which no reasonable person could or should, expect to receive prior warnings, or as otherwise defined in State law. Employees may be disciplined, as a result of unacceptable personal conduct, up to and including dismissal without any prior warning or disciplinary action. Authorized disciplinary actions for Personal Conduct violations are listed in Section VI of this directive.

H.04     NC State Highway Patrol Policy Manual     Page 3

Case 1:21-cr-00373-UA    Document 40-1    Filed 02/02/22    Page 3 of 15

**Grossly Inefficient Job Performance** disciplinary actions are intended to be used in addressing unsatisfactory performance that results in the creation of the potential for death or serious bodily injury to Patrol employee(s), to members of the public, or to person(s) over whom the employee has responsibility; or the loss of or damage to State property or funds that result in a serious impact on the State and/or the Patrol. Authorized disciplinary actions for Grossly Inefficient Job Performance are the same as specified for Personal Conduct violations above. Employees may be dismissed on the basis of Grossly Inefficient Job Performance without any prior warning or disciplinary action.

**Unsatisfactory Job Performance** disciplinary actions are intended to promote improved employee performance. When a Documented Counseling Session (DCS) fails to correct employee performance, the manager/supervisor may address the matter by issuing a formal disciplinary action, the first level of which is a written warning. Other authorized disciplinary actions for Job Performance violations are the same as specified by Personal Conduct violations in Section VI of this directive except that a suspension or demotion must be preceded by at least one prior disciplinary action; dismissal must be preceded by one or more written warnings followed by another written warning or other form of disciplinary action.

The above sections are not mutually exclusive since certain actions may fall into all three categories depending upon the facts of each case. Pursuant to State law and this directive, no disciplinary action shall be invalid solely because the disciplinary action is labeled incorrectly.

## VI. PERSONAL CONDUCT VIOLATIONS

The Unit Commander of Internal Affairs shall classify every complaint or allegation as a Job Performance, Grossly Inefficient Job Performance, or Personal Conduct type violation. If classified as a Personal Conduct violation, the Unit Commander of Internal Affairs shall then determine whether the allegation relates to a serious or less serious violation.

**Personal Conduct Violations Deemed Serious**

- Only the Commander's Office may impose disciplinary action for Personal Conduct violations classified as serious by the Unit Commander of Internal Affairs. He/She shall impose one of the following disciplinary actions for a serious Personal Conduct violation:

    o   Written warning

    o   Disciplinary suspension without pay

    o   Demotion

    o   Dismissal

Case 1:21-cr-00373-UA   Document 40-1   Filed 02/02/22   Page 4 of 15

- The Commander's Office may, at its discretion, impose a written warning, rather than a more serious form of discipline for a personal conduct violation when all of the surrounding circumstances and the past work record of an employee being disciplined appears to warrant such a reduction in the level of disciplinary action and one or more of the following mitigating factors is present:

    o   The property damage was minor

    o   The physical injury was negligible

    o   No disciplinary action has been taken against the employee in the past

    o   There are other mitigating circumstances which the Commander's Office considers to be significant in the individual case at hand

- If the Commander's Office imposes a written warning pursuant to this provision, the reasons shall be stated in the written warning itself or in a memorandum to be filed in the employee's personnel file.

**Personal Conduct Violations Deemed Less Serious**

- Personal Conduct violations classified by the Unit Commander of Internal Affairs as "less serious" may be handled by the Troop/Unit Commander. The exception to this rule is when the investigation was conducted by Internal Affairs, in which case the Commander's Office shall impose the appropriate disciplinary action.

- Troop/Unit Commanders may impose the following types of disciplinary action for less serious personal conduct violations:

    o   Written Warning; or

    o   Disciplinary suspension without pay for 1, 2, or 3 days

- Prior to placing a career status employee on disciplinary suspension without pay, the Troop/Unit Commander shall conduct a pre-disciplinary conference with the employee in accordance with this directive. An employee who has been suspended without pay must be furnished a statement in writing setting forth the specific acts or omissions that are the reasons for the suspension and the employee's appeal rights.

VII.    **GROSSLY INEFFICIENT JOB PERFORMANCE VIOLATIONS**

Grossly Inefficient Job Performance violations shall not be classified for the purpose of determining levels of disciplinary action. Disciplinary action imposed shall be the same as for serious personal conduct violations as set out in Section

VI of this directive. Disciplinary action for Grossly Inefficient Job Performance <u>may</u> be imposed by the Commander's Office.

**VIII.  JOB PERFORMANCE VIOLATIONS**

When the supervisor determines that disciplinary action is appropriate for unsatisfactory job performance, a written warning is the first type of disciplinary action that an employee shall receive. A DCS shall be issued prior to beginning disciplinary actions for most performance issues. Any disciplinary action issued for unsatisfactory job performance without a prior DCS must first be approved by the agency HR Director or designee. After the first written warning, a supervisor may give additional written warnings or a higher level of disciplinary action.

Job Performance violations shall not be classified for the purpose of determining levels of disciplinary action. Disciplinary actions for violations of rules pertaining to Job Performance shall be the same as set out in this directive.

The Troop/Unit Commander and District First Sergeant are responsible for ensuring the satisfactory performance of work assignments. Accordingly, unless the Internal Affairs Unit conducts the investigation, or the employee has an active disciplinary action; disciplinary actions for Job Performance violations will ordinarily be imposed by the Troop/Unit Commander or District First Sergeant. Unless the employee has a prior active disciplinary action, the only disciplinary action that may be imposed for Unsatisfactory Job Performance is a written warning. Troop/Unit Commanders or District First Sergeants may impose written warnings. Disciplinary suspension without pay for 1, 2, or 3 days shall be imposed by the Troop/Unit Commander.

The Commander's Office may impose the following levels of disciplinary action for a Job Performance violation:

- Written warning

- Disciplinary suspension without pay for not less than 1 day and not more than two (2) work weeks (after receipt of at least one prior active disciplinary action)

- Demotion (after receipt of at least one prior active disciplinary action)

- Dismissal (after receipt of at least one active written warning followed by one other active disciplinary action)

**IX.  INACTIVE DISCIPLINARY ACTIONS**

A disciplinary action is deemed inactive for the purpose of this section in the event that:

- Eighteen (18) months have passed since the warning or disciplinary action; the employee does not have another active warning or disciplinary action which occurred within the last eighteen (18) months

## X. REPEAT VIOLATIONS

Prior Job Performance and Personal Conduct violations which are active may be considered in deciding on the level of disciplinary action to be imposed for a subsequent Job Performance violation.

Previous Personal Conduct, Grossly Inefficient Job Performance, and Job Performance violations, whether active or inactive, may be considered in deciding the level of disciplinary action being imposed for Personal Conduct and Grossly Inefficient Job Performance violation(s).  Employees may be disciplined for Personal Conduct and Grossly Inefficient Job Performance violations, up to and including dismissal, without prior warning or disciplinary action.

In those cases where an employee has an active disciplinary action of any type, the Commander's Office shall impose the disciplinary action unless he/she delegates such responsibility to the Troop/Unit Commander.  In such cases, the Troop/Unit Commander may impose disciplinary action as set out in this directive.

The date the disciplinary action was imposed as documented on the Personnel Charge Sheet (HP-343), will be the beginning date for purposes of determining the expiration of the time periods set forth above.  The date the subsequent violation occurred shall be the date used to determine whether the subsequent violation occurred within the active time limits of a previous disciplinary action.

## XI. PROCEDURE FOR TAKING DISCIPLINARY ACTION

**Investigation**

- Upon learning that an employee under his/her supervision may be in violation of Patrol rules, the First Sergeant or appropriate supervisor after consultation with his/her Troop/Unit Commander shall immediately forward a Personnel Complaint via BlueTeam to the Unit Commander of Internal Affairs for determination of the type violation involved in accordance with this directive.

    o If the violation is determined to be a less serious Personal Conduct violation or a Job Performance violation, the Unit Commander of Internal Affairs shall arrange for an investigation as provided by this policy, either by the Internal Affairs Unit or by a designated Troop/Unit or district supervisor.

    o If the violation is determined to be a serious Personal Conduct or Grossly Inefficient Job Performance violation, the investigation shall be conducted by the Internal Affairs Unit.

- o The investigation shall be recorded on a Report of Investigation (HP-721) and submitted to the Unit Commander of Internal Affairs.

- Whenever an investigation reveals that what first appeared to be a less serious Personal Conduct or Job Performance violation is in reality a serious Conduct or Grossly Inefficient Job Performance violation, the investigator shall confer with the Unit Commander of Internal Affairs and, if requested, forward the pending investigation file to the Unit Commander of Internal Affairs, who shall be responsible for overseeing the completion of the investigation.

**Determining Level of Disciplinary Action to be Taken**

- Field Investigations - Troop/Unit Commanders and Other Supervisors

  - o When a Troop/Unit Commander or other supervisor authorized to impose disciplinary action determines, as a result of an investigation the allegation(s) is sustained, the Troop/Unit Commander or other supervisor authorized to impose disciplinary action shall confer with the Unit Commander of Internal Affairs, via the chain-of-command, and administer disciplinary action within the options authorized.

  - o If a Troop/Unit Commander or other supervisor authorized to impose disciplinary action determines that the disposition of an investigation of a subordinate employee is unfounded, exonerated, or not sustained , the Troop/Unit Commander or other supervisor authorized to impose disciplinary action shall confer with the Unit Commander of Internal Affairs, via the chain-of-command, and prepare a memorandum or investigation report specifying why the disposition is unfounded or exonerated or why the investigation is not sustained.

  - o If the Troop/Unit Commander determines the disposition of the investigation is unfounded, exonerated, or not sustained, he/she shall so notify the employee and place a copy of the notification in the employee's personnel file

- Internal Affairs Investigations

  - o Upon receipt of a Personnel Complaint from the Troop/Unit Commander or other supervisor, the Unit Commander of Internal Affairs shall supervise the investigation of the case and shall prepare for the Director of Professional Standards an investigation file, setting forth the facts of the case.

  - o The Director of Professional Standards shall review the file and may order additional investigation if deemed necessary.  After the investigation is complete, he/she shall forward the investigation file, and his/her recommendation for disciplinary action, if any, to the Commander's Office.

- If the recommendation of the Director of Professional Standards is a written warning, the Director of Professional Standards or their designee may first consult with DPS Human Resources. If the recommendation of the Director of Professional Standards is any form of disciplinary action for which a pre-disciplinary conference is required, the Director of Professional Standards or their designee shall consult with the DPS General Counsel's Office and with DPS Human Resources prior to making the recommendation to the Commander's Office.

- The Commander's Office shall review the file and determine the type of violation and/or level of disciplinary action to be taken. He/She shall notify the Director of Professional Standards or appropriate supervisor of his/her decision. The Director of Professional Standards shall forward the file to the Unit Commander of Internal Affairs for the purpose of taking the appropriate action.

- If the Commander's Office determines that the employee should be placed on disciplinary suspension without pay, demoted or dismissed, no such action shall be imposed prior to notifying the affected employee of a pre-disciplinary conference consistent with DPS Human Resources policy. Any employee, who fails to attend the Pre-Disciplinary Conference without prior notification to the Commander's Office, shall forfeit their rights to a Pre-Disciplinary Conference. The Commander's Office will proceed with the decision for disciplinary action.

- If the Commander's Office determines the disposition of the investigation is unfounded, exonerated, or not sustained, he/she shall so notify the employee and place a copy of the notification in the employee's personnel file.

**Procedural Requirements**

- Written Warning

  - To issue a written warning to a subordinate employee, a supervisor authorized to conduct disciplinary action must conduct a disciplinary conference with the subordinate employee during which he/she is told:

    ➢ That he/she is being administered a written warning

    ➢ The specific issues that are the basis for the warning

    ➢ What specific improvements must be made

    ➢ The time frame allowed for making the required improvements and/or corrections. Absent a specified time frame in the warning, 60 days is the time frame allowed for unsatisfactory job performance and immediate correction is required for Grossly Inefficient Job Performance or Unacceptable Personal Conduct

- The consequences of failing to make the required improvements/corrections

  o The employee shall be given a copy of the written warning memorandum and Personnel Charge Sheet/Disposition (HP-343). The action shall take effect immediately

  o First Sergeants and other supervisors shall forward a copy of the written warning memorandum and Personnel Charge Sheet/Disposition (HP-343) to the Unit Commander of Internal Affairs

  o Written warnings cannot be appealed unless a violation of N.C.G.S. § 126-16 or 126-25[1] is alleged.

- Disciplinary Suspension Without Pay

  o To place a subordinate employee on disciplinary suspension without pay, the Director of Professional Standards or Troop/Unit Commander (or designee) imposing the disciplinary action must comply with the following procedural requirements:

    - In matters of unsatisfactory job performance, ensure that the subordinate employee has received at least one prior disciplinary action. In matters of Grossly Inefficient Job Performance or Unacceptable Personal Conduct there are no pre-conditions.

    - The Director of Professional Standards or their designee shall schedule and conduct a pre-disciplinary conference. Advance oral or written notice of the pre-disciplinary conference must be given to the employee of the time, location, and the reason for which the demotion, suspension or dismissal has been recommended.

    - The notice must inform the employee of the type of disciplinary action being considered and that a lesser disciplinary action is possible and the specific acts or omissions that are the reasons for the recommendation.

    - The employee shall be given written notice of the conference at least twenty-four (24) hours in advance.

    - Furnish the subordinate employee a statement written setting forth the specific acts or omissions that are the reasons for the suspension.

    - Limit attendance to the subordinate employee, the supervisory employee summarizing the conference, and the person conducting the conference. The purpose of the pre-disciplinary conference is to review

---

[1] https://ncleg.gov/Laws/GeneralStatuteSections/Chapter126

the reason for suspension with the affected employee and to listen to and to consider any information put forth by the employee in order to ensure that a suspension decision is sound and not based on misinformation or mistake. Other personnel may be present when, in the discretion of the person conducting the conference, a need for security exists. No attorneys representing either side may attend the conference. Additionally, audio recording devices, video recording devices, and transmission devices are not permitted during the conference.

- The employee shall have an opportunity to respond to the proposed suspension, refute information supporting the recommended suspension action, and offer information or arguments in support of the employee's position. This opportunity does not include the right to present witnesses.

- Copies of the written document imposing the suspension and the Personnel Charge Sheet/Disposition (HP-343) shall be forwarded to the Unit Commander of Internal Affairs

- If the proposed disciplinary suspension is to be imposed by the Commander's Office or Troop/Unit Commander, the procedures set out in this directive shall apply. Additionally, at the conclusion of the conference, the Director of Professional Standards or Troop/Unit Commander designee shall brief the Commander's Office or Troop/Unit Commander who shall review and consider the response of the employee and reach a final decision.

- To allow time following the conference for the Commander's Office or Troop/Unit Commander to review all necessary information, the final decision to impose suspension should not be communicated to the employee prior to the beginning of the next business day or after the end of the second business day following the conclusion of the pre-disciplinary conference.

- If the Commander's Office or Troop/Unit Commander decides to carry out the suspension, written notification shall be provided to the employee. The written notice shall contain the employee's appeal rights.

- If the disciplinary suspension is carried out, the affected employee may be asked to surrender his/her issued Patrol vehicle, firearms, uniform badges, and/or identification credentials. The supervisor imposing the suspension shall ensure the equipment is collected and transported to a location designated by the appropriate /Troop/Unit Commander for storage, required maintenance, or re-issuance. The safekeeping of property provision of Directive J.01 shall apply to any equipment stored in an evidence locker. Upon being cleared for duty, the surrendered

Case 1:21-cr-00373-UA   Document 40-1   Filed 02/02/22   Page 11 of 15

equipment or a replacement shall be returned to the affected employee.

- Demotion

    - To demote an employee, the following procedural requirements shall be followed:

        - In matters of unsatisfactory job performance, the Unit Commander of Internal Affairs shall ensure that the employee has received at least one active prior disciplinary action

        - In matters of Grossly Inefficient Job Performance or Unacceptable Personal Conduct, there is no requirement for previous disciplinary action; an employee may be demoted for a current incident of Grossly Inefficient Job Performance or Unacceptable Personal Conduct without any prior disciplinary action

        - The Director of Professional Standards or designee shall schedule and conduct a pre-disciplinary conference. Advance oral or written notice of the pre-disciplinary conference must be given to the employee of the time, location, and the conduct or reason for which demotion has been recommended.

        - The notice must inform the employee of the type of disciplinary action being considered and that a lesser disciplinary action is possible and the specific acts or omissions that are the reasons for the recommendation.

        - The employee shall be given written notice of the conference at least twenty-four (24) hours in advance

        - The Director of Professional Standards or designee shall limit attendance to the subordinate employee, the supervisory employee summarizing the conference, and the person conducting the conference. The purpose of the pre-disciplinary conference is to review the reason for the demotion with the affected employee and listen to and consider any information put forth by the employee in order to ensure that a demotion decision is sound and not based on misinformation or mistake. Other personnel may be present when, in the discretion of the person conducting the conference, a need for security exists. No attorneys representing either side may attend the conference. Additionally, audio recording devices, video recording devices, and transmission devices are not permitted during the conference.

        - The procedures set out in this directive, to the extent applicable, shall apply. Additionally, at the conclusion of the pre-disciplinary conference, the Director of Professional Standards or designee shall brief the

Case 1:21-cr-00373-UA   Document 40-1   Filed 02/02/22   Page 12 of 15

Commander's Office who shall review and consider the response of the employee and reach a decision whether or not to order that the demotion be carried out.

- To allow time following the conference for the Commander's Office to review all necessary information, the final decision to impose demotion should not be communicated to the employee prior to the beginning of the next business day or after the end of the second business day following the conclusion of the pre-disciplinary conference.

- The employee must be advised in the notice of how and to what extent the demotion will affect the employee's compensation rate or classification title, and the employee must also be advised of any applicable appeal rights in the document effecting the demotion

- Dismissal

    - To dismiss an employee the following procedural requirements shall be followed:

        - The Director of Professional Standards or designee shall schedule and conduct a pre-disciplinary conference with the affected employee

        - Advance written notice of the pre-disciplinary conference must be given to the employee of the time, location, and the reason(s) for which dismissal has been recommended.

        - The notice must inform the employee of the type of disciplinary action being considered and that a lesser disciplinary action is possible and the specific acts or omissions that are the reasons for the recommendation.

        - The employee shall be given written notice of the conference at least twenty-four (24) hours in advance

        - The Director of Professional Standards or designee shall limit attendance to the employee, the supervisory employee summarizing the conference, and the person conducting the conference. The purpose of the pre-disciplinary conference is to review the recommendation for dismissal with the affected employee and to listen to and to consider any information put forth by the employee to ensure that a dismissal decision is sound and not based on misinformation or mistake. Other personnel may be present, when the person conducting the conference determines a need for security exists. No attorneys representing either side may attend the conference. Additionally, audio recording devices, video recording devices, and transmission devices are not permitted during the conference.

- In the conference, the Director of Professional Standards or designee shall give the employee oral or written notice of the recommendation for dismissal including specific reasons for the proposed dismissal and a summary of the information supporting that recommendation. The employee shall have an opportunity to respond to the proposed dismissal, refute information supporting the recommended dismissal action, and offer information or arguments in support of the employee's position. Every effort shall be made by the Director of Professional Standards or designee to ensure that the employee has had a full opportunity to set forth any available information in opposition to the recommendation to dismiss prior to the end of the conference. This opportunity does not include the right to present witnesses.

- At the conclusion of the pre-disciplinary conference, the Director of Professional Standards or designee shall brief the Commander's Office, who shall review and consider the response of the employee and reach a decision on the specific reasons for dismissal.

- To allow time following the conference for the Commander's Office to review all necessary information, the decision to dismiss should not be communicated to the employee prior to the beginning of the next business day following the conclusion of the pre-disciplinary conference or after the end of the second business day.

- The effective date of a dismissal for **Unsatisfactory Job Performance** shall be determined by the Commander's Office. A status employee who is dismissed for unsatisfactory job performance may be given up to two weeks working notice of his/her dismissal, at the discretion of the Commander's Office. Instead of providing up to two weeks working notice an employee may be given up to two weeks' pay in lieu of the working notice, at the discretion of the Commander's Office. Such working notice or pay in lieu of notice is applicable only to dismissals for Unsatisfactory Job Performance. The effective date of the dismissal shall not be earlier than the letter of dismissal nor more than **14 calendar days** after the notice of dismissal.

## XII. DISCIPLINARY ACTION LETTER

If management decides to demote, suspend or dismiss the employee, then the employee shall receive a written disciplinary action letter either in person or by certified mail (or equivalent) with return receipt requested.

- The written disciplinary action letter must include:

    - The basis for the disciplinary action;
    - The effective date of the disciplinary action;
    - The specific acts or omissions that are the reason(s) for the disciplinary action;
    - The employee's right to appeal and a copy of the grievance policy.

## XIII. UNIFORMS AND EQUIPMENT COLLECTION

Any employee, who is dismissed, resigns in lieu of being dismissed, or resigns prior to the completion of an internal investigation shall surrender all issued uniforms, equipment, and badges to include all previous ranking badges, and Highway Patrol identification credentials that are in the possession of the affected employee. It shall be the responsibility of the appropriate Troop/Unit Commander to ensure that all items mentioned above are collected, inventoried, and forwarded to the Logistics Unit. If, during the course of the inventory, it is discovered that any item was not surrendered, a memorandum shall be prepared by the supervisor conducting the inventory, and forwarded to the Director of Support Services, via the chain-of-command, for proper action.

## XIV. APPEAL PROCESS FOR DISCIPLINARY ACTION

See Directive E.08 of the North Carolina State Highway Patrol Policy Manual for the appeal process.